

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E. Pat Edwards
Civil District Attorney
Dallas, Texas

Dear Sir:                     Attention: Mr. Allen Melton

6-4245

                              Opinion No. O-4245-A
                              Re: The proper form of citation
                                  to be used in delinquent tax
                                  suits, and related questions.

        We have received your request for an opinion from
this department.  We quote from your request:

        "I enclose herewith a citation form marked
'A', which said form is used by the District
Clerk of Dallas County for all citation purposes.
In view of your Opinion No. O-3948, please ad-
vise whether or not, in your opinion, a tax suit
service with this particular citation is valid.
Virtually five hundred tax suits have been filed
in Dallas County during the past few months with
this citation being used.  In our opinion, cita-
tion on this form would certainly be good in
circumstances where an answer has been filed by
the party served.

        "In the event it is necessary for citation
to conform to the provisions of Art. 7328.1 in
your opinion, would the form herewith enclosed
and marked 'B' be adequate?  This particular
form is the one that was used heretofore for
local citation in tax suits.  If form 'B' is
used, will the return date be according to the
Dallas County Practice Act, or will the cita-
tion direct as return day, the first day of the
next term of the court in which the suit is
filed?

        "In view of the apparent confusion that
would probably result from the requiring cita-
tions to direct as an appearance date, the first

O COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

day of the next term of the court in which the
suit is filed is there, within your knowledge,
any requirement that would cause the District
Clerk to file suits alternately and successive-
ly in the various district courts as suits are
filed, instead of filing a large number of suits
in the 14th District Court or the 95th District
Court, according to the nearness of time involved
for the handling of the suits?  All suits filed
in the district courts in Dallas County rotate
with the courts, beginning with the 14th Court,
and successively the 44th, 68th, 95th, 101st, and
116th Courts.  The point made is, that consider-
able delay can be caused by the necessity of
having to file tax suits in that fashion.

"If form 'B' is a required form, then
there will probably be a necessity of different
forms of citation to be used for non-resident
and foreign citations.  Form 'A' has been used
for all purposes as I heretofore mentioned."

An examination of the citation enclosed by you
and designated as "A" indicates that it follows the Texas
Rules of Civil Procedure promulgated by the Supreme Court
of the State of Texas which became effective September 1,
1941.  The citation enclosed by you and designated "B"
follows substantially the general statutory form of cita-
tion as provided in Article 7328-1 of Vernon's Civil Stat-
utes of Texas, being Senate Bill 206, Forty-sixth Legis-
lature, Regular Session.  It goes further, however, and
gives notice to the defendant to answer and plead to "the
petitions of the State of Texas and other above named tax-
ing units which were impleaded under the provisions of
Article 7345-b, Vernon's Civil Statutes of Texas, and all
intervening taxing units which may be hereafter filed in
this cause," . . . At another place in said "B" citation
is found this sentence: "Each party to this suit shall
take notice of, and plead and answer to, all claims and
pleadings now on file or hereafter in said cause by all
other parties herein," which provision was apparently meant
to comply with a statement in Section 4 of Article 7345-b,
supra.  In other words form "B" appears to be in substantial

Honorable H. Pat Edwards, page 3

compliance with the statutory form of citation set forth in Article 7328-1 and contains some of the requirements of Sections 3 and 4 of the so-called "taxing units" law (Article 7345-b).

In order to answer your questions we find it necessary to consider Articles 7328-1 and 7345-b, of Vernon's Civil Statutes of Texas, and the effect of the Texas Rules of Civil Procedure upon those two Acts.

Article 7345-b, Section 3, of Vernon's Civil Statutes of Texas, as amended by House Bill 565, Section 1, Acts Forty-sixth Legislature, was enacted in 1939. The Act passed the House March 16, 1939, and passed the Senate April 6, 1939. It was approved by the Governor April 6, 1939, and became effective ninety days after the date of adjournment of that session of the Legislature. Section 3(a) deals with parties. Section 3(b) authorizes the issuance of process where the defendant in the tax suit is a resident of the State of Texas and his residence is known to the attorney filing said suit and it provides further that said process be served and returned as directed by Articles 2021 to 2034, inclusive, of the 1925 Revised Civil Statutes of Texas. Section 3(c) provides for the issuance of process in delinquent tax suits where the defendant in said suit is absent from the State or is a non-resident of the State and provides that it shall be sufficient to serve said defendant with notice accompanied by a certified copy of plaintiff's petition as provided in Article 2037 of the 1925 Revised Civil Statutes of the State of Texas and that it shall be sufficient to serve such notice in the manner provided in Article 2036 of the 1925 Revised Civil Statutes of the State of Texas, or in the alternative, it is provided that service may be had on such defendant by publication as provided in Section 3(d) of said Article 7345-b. Section 3(d) of Article 7345-b provides for the issuance, form and service of citation by publication in the instances provided in that subsection.

At the same session of the Legislature Article 7328-1 was enacted by the Forty-sixth Legislature, Regular Session, as Senate Bill 206. The House of Representatives adopted the conference committee report of said Senate Bill 206 on May 12, 1939, and the Senate adopted

193

the conference committee report on May 18, 1939. Said Act was filed May 24, 1939, without the signature of the Governor and became effective May 31, 1939. The pertinent part of the Caption, insofar as the discussion of the matter before us is concerned, reads:

"An Act to simplify proceedings in delinquent tax suits. . . . providing for a simplified form of citation; providing that the provisions of this Act shall be cumulative of and in addition to all other rights and remedies to which taxing units are now entitled, repealing all laws in conflict herewith; and declaring an emergency."

Section 5 of said Act relates to citations in delinquent tax suits and provides the statutory form of citation. Section 7 of said Article 7328-1 provides:

"The provisions of this Act shall be cumulative of and in addition to all other rights and remedies for the collection of delinquent taxes to which taxing units are now entitled; but if any part or portion of this Act be in conflict with any part or portion of any law of this State, the terms and provisions of this Act shall govern, and to the extent of such conflict, such other laws shall be repealed."
(Underscoring ours)

From a consideration of the tax procedure acts (House Bill 565 and Senate Bill 206, supra) we find that both were passed at the same session of the Legislature. It is clear that Section 5 of said Article 7328-1, supra, and Section 3 of Article 7345-b, supra, relate to the issuance, form, service and return of citations in tax suits. Since Article 7328-1 (Senate Bill 206) was passed subsequent to House Bill 565, even though said House Bill 565 really became effective on a later date than Senate Bill 206, we think that it must be said that Senate Bill 206 is the latest expression of the Legislature on the subject. However, from the expressions found in the two respective Acts (Senate Bill 206 and House Bill 565) and considering their nature it is evident that the Legislature really intended to clarify and simplify tax proceedings and procedure for the benefit of taxing authorities and their attorneys. The apparent result of the two Acts does not

seen to have achieved the legislative intention. In view
of the provisions in said Senate Bill 206 that its provi-
sions are "cumulative of and in addition to all other rights
and remedies for the collection of delinquent taxes to which
taxing units are now entitled" we think that said Senate
Bill 206 was intended to be a statute to simplify proceed-
ings in a tax suit and not to impose any difficulties or
burdens on existing statutory methods of procedure. It was
intended to simplify and not to complicate; to relieve in-
stead of burden. Likewise, one of its purposes was to pro-
vide for an alternative method of service in tax suits.
It will also be noted that there is language, in the form
of citation provided in Section 8 of said Article 7328-1,
which seems to indicate that the Legislature had in mind
the "taxing unit's law" (Article 7345-b) when it enacted
said Senate Bill 206.

The Texas Rules of Civil Procedure became effec-
tive September 1, 1941. Rule 2, of said Texas Rules of
Civil Procedure, was amended by the Supreme Court of the
State of Texas, the amended Rule becoming effective Decem-
ber 31, 1941, and the last sentence of said amended Rule
provides:

"... All statutes in effect immediately
prior to September 1, 1941, prescribing rules
of procedure in tax suits are hereby continued
in effect as rules of procedure governing such
cases, and where such statutes prescribed no
rules of procedure in such cases, these rules
shall apply."

We have held in our Opinions Nos. O-3498 and O-4245 that
said Rule 2, as amended, of the Texas Rules of Civil Pro-
cedure had the effect of retaining in force, as rules of
procedure, any existing statutes relating to procedure in
tax suits where such statutes were in force and effect upon
the effective date of the Rule, which was September 1, 1941.
Copies of the opinions mentioned above are enclosed for in-
formation. We believe that it was the purpose of the Su-
preme Court, and its intention, in amending said Rule 2 ,
with reference to tax procedural statutes, to preserve and
maintain the status quo of such statutory procedure as it
was immediately prior to September 1, 1941.

It will be noticed that in Section 3(b) of Arti-
cle 7345-b that the procedure for the issuance, form, service

and return of the citation was to be governed by Articles 2021 to 2034, inclusive, of the 1925 Revised Civil Statutes of the State of Texas, with one additional requirement that "a statement of the nature of the cause of action conforming to the requirements of notices by publication as hereinafter set forth in paragraph (d) . . . shall be sufficient in such citations, when required." The reference to paragraph (d) would seem to authorize the inclusion in the citation of "a recitation that each party to such suit shall take notice of and plead in answer to all claims and the pleadings then on file or thereafter filed in said cause by all other parties therein." This seems in line with the requirements of Section 4 of said Article 7345-b. We think this is also consistent with the object and evident legislative purpose and intention to make the "taxing units law" a harmonious and nearly complete act providing for an opportunity for all taxing units, impleaded or parties to the suit, to join in the suit and have their respective tax liens foreclosed at the same time.

In view of the last sentence of Rule 2, as amended, of the Texas Rules of Civil Procedure, we believe that Articles 2021 to 2034, inclusive, of Vernon's Civil Statutes of Texas, must be considered to have been continued in force and effect, as rules of procedure, governing the issuance, service and return of citations in tax suits as provided in Section 3(b) of Article 7345-b of Vernon's Civil Statutes of Texas. It would follow, therefore, that a tax citation issued pursuant to Section 3(b) of Article 7345-b would be governed, as to the form of citation, by Articles 2021 to 2034, supra, with the additional specific requirements contained in said Section 3(b) of said Article 7345-b. For the same reasons, given above, we believe that Articles 2037 and 2038 of Vernon's Civil Statutes of Texas were continued in force and effect as rules of procedure in tax suits insofar as they govern the form of citation in the instances provided in Section 3(c) of said Article 7345-b. It would follow, therefore, that a citation issued under the authority of said Section 3(e) of said Article 7345-b would be governed, as to form, by Articles 2037 and 2038 with the additional requirements specifically required in the last sentence of Section 3(b) of said Article 7345-b.

We think Section 3(d) of said Article 7345-b provides for a complete statutory form and procedure for the

196

issuance of citations by publication in the specific instances therein authorized. We find no difficulty in arriving at the conclusion that the Texas Rules of Civil Procedure have not repealed or interfered with said Section 3(d) of said Article 7345-b.

Where two acts on the same subject are passed at the same session of the Legislature we are compelled to construe them together, if possible, so that both may stand as one embodiment of the legislative will. 39 Tex. Jur. p. 146.

From the foregoing considerations our conclusions with reference to the proper form of citations to be used in tax suits are:

(1) A citation directed to the defendant who is known and whose address is known to the attorney for the taxing unit bringing the tax suit could properly be issued and would be sufficient if it complied substantially with the form of citation set out in Article 7328-1.

(2) We think a citation issued pursuant to the authority of Section 3(b) of Article 7345-b of Vernon's Civil Statutes of Texas directed to the defendant, who is known and whose address is known to the attorney for the taxing unit, should follow the form of citation originally provided in Articles 2021 to 2034, inclusive, of Vernon's Civil Statutes of Texas, as those statutes existed prior to September 1, 1941, together with the additional specific requirements of the last sentence of said Section 3(b), and Section 4 of said Article 7345-b, and a citation issued in this manner would be in compliance with the law.

(3) We think a citation directed to the defendant in a tax suit, who is absent from the state or who is a non-resident thereof, issued in accordance with, and under authority of, Section 3(c) of Article 7345-b, of Vernon's Civil Statutes of Texas, would be governed, as to form, by Articles 2037 and 2038, of Vernon's Civil Statutes of Texas, as those statutes existed immediately prior to September 1, 1941, with the additional requirements of a statement of the nature of the suit and notice to the party defendant, in the same manner as pointed out above in connection with a citation issued pursuant to Section

Honorable H. Pat Edwards, page 8

3(b) of said Article 7345-b, and a citation issued in this manner would be in compliance with the law. The alternative service (by publication) provided in said Section 3(c) of Article 7345-b may be followed in the manner provided therein.

(4) A citation directed to a defendant in a tax suit who is absent from the State or is a non-resident thereof which is in substantial compliance with Article 7328-1 is in sufficient compliance with the law.

(5) Citations by publication in tax suits are sufficient if they are in compliance with Section 3(d) and Section 4 of Article 7345-b. We think that citations issued in accordance with these sections of said Act would be preferable to any other citation issued under any other Act where there is more than one taxing unit a party to the suit. However, we think that a citation by publication in substantial compliance with Article 7328-1 would likewise be sufficient.

In view of the last sentence of Rule 2, as amended, of the Texas Rules of Civil Procedure, it is clear that those statutes prescribing specific statutory procedure in delinquent tax suits are controlling and should be followed. When Section 5 of Article 7328-1, supra, was enacted in 1939, it is obvious that the Legislature had in mind the regular return date for most district courts, as provided in Articles 2022 and 2286 of the Revised Civil Statutes of Texas, 1925. Section 5 of said Article 7328-1 provides, in next to the last sentence, as follows:

"Herein fail not, but have you before said court, on the first day of the next term thereof, this writ, with your return thereon, showing you have executed the same."

Said Article 7328-1 is a specific statute relating to a method of procedure in delinquent tax suits. We find, however, that the Texas Rules of Civil Procedure have expressly repealed Articles 2022 and 2286, R.C.S., 1925. We likewise find that the Texas Rules of Civil Procedure have expressly repealed Sections 1 to 7, inclusive, of Article 2092, of Vernon's Civil Statutes of Texas, as amended, which previously governed citations in suits filed in the District Courts of Dallas County. However, since Article 7328-1 specifies a specific return date "on the first Monday of the next term thereof" we think that this

Honorable H. Pat Edwards, page 9

provision is controlling as to the return date of all ci-
tations issued in substantial compliance with Article 7328-1.

We think the return day for process authorized
to be issued and issued pursuant to Section 3(b) of Arti-
cle 7345-b is governed by Articles 2022 and 2286 of Vernon's
Civil Statutes of Texas, as those statutes existed prior
to September 1, 1941, since said Section 3(b) of said
Article 7345-b does not specifically provide for the re-
turn date. Likewise, the return day for process author-
ized to be issued, and issued, pursuant to Section 3(c)
of Article 7345-b, with the exception of the alternative
service (by publication) therein authorized, is governed
by Articles 2036, 2022 and 2286 of Vernon's Civil Statutes
of Texas, as those statutes existed prior to September 1,
1941. Return day for citations issued under Section 3(d)
of Article 7345-b is the date provided therein, to-wit:
the first day of the next term of court in which the suit
is filed.

In view of the confusion presently existing with
reference to the proper requisites of citations in delin-
quent tax suits we believe the courts will be inclined to
be somewhat liberal in upholding the sufficiency of cita-
tions, in such suits, where they are in substantial com-
pliance with either Article 7328-1 or in substantial com-
pliance with Article 7345-b, Sections 3 and 4. We believe,
therefore, that your citation "B" would be in sufficient
compliance with Article 7328-1 to be a proper form of ci-
tation. We have already indicated that your citation "B"
contains certain requisites of Sections 3 and 4 of Article
7345-b. There is some language in the statutory form of
citation in Section 5 of Article 7328-1 which might be in-
terpreted to authorize a combination of the statutory form
provided in Section 5 of Article 7328-1 with all or a part
of the requirements of Section 3 of Article 7345-b. We be-
lieve, however, that while either of the statutes, just men-
tioned, provide for a form of citation in tax suits, there
is nothing in either of them to indicate that it was clearly
the intention of the Legislature to provide that citation
issued under either should be combined. We believe the safer
practice would be to determine under which statute citation
is to be issued and to follow out that statute.

Honorable H. Pat Edwards, page 10

Since there were two specific statutes (Article 7328-1, Section 5, and Article 7345-b, Section 3, supra) governing citations in tax suits in force and effect immediately prior to September 1, 1941, the original date when the Texas Rules of Civil Procedure became effective, we think that it is doubtful that the Texas Rules of Civil Procedure are applicable generally to citations in tax suits. We are of the opinion, therefore, that your citation "A" is not in compliance with either Section 5 of said Article 7328-1, nor Section 3 of Article 7345-b of Vernon's Civil Statutes of Texas. Your citation "A" would give a defendant notice that a judicial proceeding was pending against him. Since it provides that a copy of plaintiff's petition be delivered to the defendant with the notice, we think the defendant would certainly be advised that a suit to collect delinquent taxes was pending against him. A judgment taken against the defendant, in a suit where "A" citation was used, would not, in our opinion, be void on its face. It would follow, therefore, that the defendant would be required to show a meritorious defense to the tax suit before a court of equity would set the judgment aside. 25 Tex. Jur., Section 221, p. 663; Snell v. Knoles, Tex. Civ. App., 87 S. W. (2d) 871, 879; Robinson v. State, Tex. Civ. App., 143 S. W. (2d) 629, writ of error refused. Where the defendant has answered in a suit, in which your form of citation "A" was used, the court has jurisdiction over his person as fully as though proper citation were issued and served upon him. 4 Tex. Jur., p. 643; 33 Tex. Jur., p. 799. It is provided in Article 2045, of Vernon's Civil Statutes of Texas, that a defendant in a suit may accept service of process, or waive the issuance or service thereof, by written memorandum signed by him or his duly authorized agent or attorney and filed among the papers in the case. 33 Tex. Jur., p. 844.

With reference to your question concerning the matter of filing suits in rotation, we have considered Rules 22 to 27, inclusive, of Texas Rules of Civil Procedure. We find nothing in these Rules providing for the filing of suits in rotation. We have been unable to find any other statutory authority requiring that suits be filed in rotation in the manner you have suggested in your letter. Under such circumstances, it follows, therefore, that the order of filing tax suits in rotation under the facts submitted by you, is a matter within the discretion of the District Clerk. You have not advised us whether

Honorable H. Pat Edwards, page 11

the District Judges of your county have ordered the District Clerk to file tax suits in rotation. We do not, therefore, pass upon the power of the District Judges to control the manner of filing tax suits in rotation.

Any expressions or conclusions expressed in our opinion No. O-4245 which are contrary to those expressed herein are hereby expressly overruled by this opinion.

We trust that in this manner we have fully answered the questions submitted by you in your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Harold McCracken*

Harold McCracken
Assistant

HM:LM

ENCLOSURES

APPROVED JUN 6, 1942

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY *AWB*
CHAIRMAN